

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct:  518-776-2608

December 28, 2018

*Via ECF*

Honorable Mae A. D'Agostino
United States District Judge
United States District Court
Northern District of New York
James T. Foley - U.S. Courthouse
445 Broadway, Room 509
Albany, NY  12207-2924

Re:  *New Hope Family Services, Inc. v. Poole*
Northern District of New York
18-CV-1419 (MAD)(TWD)

Dear Judge D'Agostino:

Pursuant to Your Honor's Individual Rules and Practices, this letter is submitted on behalf of defendant Sheila J. Poole, Acting Commissioner of the New York State Office of Children and Family Services ("OCFS"), advising that the defendant intends to file a motion to dismiss the complaint pursuant to FRCP 12(b)(6) in the above-referenced action.

Plaintiff, New Hope Family Services, Inc. ("New Hope") is an agency authorized to provide, *inter alia*, adoption services in New York.  As such a provider, New Hope is required to comply with all relevant provisions of New York Law.  New York law, as amended in November 2013, prohibits the discrimination by providers of adoption services based on a prospective adoptive parent's marital status or sexual orientation.  18 N.Y.C.R.R. §421.3(d)

December 28, 2018
Page 2

(hereafter "§421.3(d)").  However, pursuant to its policies, New Hope will not consider unmarried or same sex couples as prospective adoptive parents.

Upon discovery of this policy in New Hope's policy manual, OCFS advised New Hope that it would need to change its policy to become compliant with existing law, or lose its authorization to provide adoption services.  New Hope refuses to change its policy.  As a result, this litigation was commenced by New Hope alleging that §421.3(d) violates New Hope's First Amendment free exercise, free speech and expressive association rights, the Fourteenth Amendment equal protection clause, and the unconstitutional conditions doctrine.

The issues in this case are purely legal, and no factual discovery is necessary.  Defendant Poole alleges that the complaint should be dismissed on a pre-answer motion because plaintiff's allegations fail to state a cognizable claim.  First, §421.3(d) is a valid and neutral law of general applicability with the intended purpose of preventing discrimination against same sex and unmarried couples seeking to adopt.  18 N.Y.C.R.R. §421.3(d).  Its purpose is not to target or discriminate against religious beliefs.  Cf. Stormans, Inc. v. Wiesman, __ U.S. __, 136 S.Ct. 2433, 2440 (2016) (holding that the challenged regulation was not neutral and generally applicable because it only targeted religious conduct).  Therefore, it does not violate the free exercise clause of the First Amendment.

Second, §421.3(d) (1) is content neutral and (2) furthers the substantial governmental interest of preventing discrimination, and (3) that governmental interest would be achieved less effectively absent the regulation, since adoption agencies could reject otherwise qualified prospective adoptive parents based only on protected characteristics.  United States v. Albertini, 472 U.S. 675, 689 (1985) (applying the factors of United States v. O'Brien, 391 U.S. 367 (1968).  Therefore, the complaint fails to state a First Amendment free speech or association claim.

Third, the complaint fails to allege that New Hope is being treated differently than others similarly situated. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Instead, what it

December 28, 2018
Page 3

alleges is that it is being forced to comply with the same law that other similarly situated providers of adoption services must follow. Such allegations fails to state an equal protection claim.

Finally, the complaint fails to state a claim under the unconstitutional conditions doctrine. In the First Amendment context, as alleged here, the unconstitutional conditions doctrine precludes the government from "'deny[ing] a benefit to a person on a basis that infringes his constitutionally protected…freedom of speech' even if he has no entitlement to that benefit." Bd. of County Commissioners v. Umbehr, 518 U.S. 668, 674 (1996). Plaintiff's fourth cause of action alleges that the defendant "has violated the unconstitutional conditions doctrine by conditioning New Hope's perpetual authorization to provide adoption services on its willingness to relinquish its First Amendment rights." Dkt. No. 1 at ¶295. While "perpetual authorization" is granted by OCFS to certain organizations that have been consistently approved as authorized agencies as defined by Social Services Law §371.10(a), such designation simply excuses organizations from having to re-apply for authorization every two years as required by Social Services Law §378(2). Perpetual authorization does not insulate organizations from having to comply with the law, including any changes in it. Accordingly, since New Hope is not entitled to violate the law by refusing to comply with §421.3(d), the claim fails to state an unconstitutional conditions claim.

Accordingly, Acting Commissioner Poole respectfully requests that the court permit the filing of the anticipated pre-answer motion to dismiss all of the claims contained in the complaint. In addition, since defendant's response to the complaint is due on December 31, 2018, and the defendant intends to respond with a motion to dismiss, the defendant respectfully requests that her time to respond to the complaint be extended to a date following any action taken by the court in response to defendant's request. The defendant is mindful that a response

December 28, 2018
Page 4

to plaintiff's motion for preliminary injunctive relief is due on January 4, 2019, and intends to properly respond by that date.

                              Respectfully yours,

                              *s/ Adrienne J. Kerwin*

                              Adrienne J. Kerwin
                              Assistant Attorney General
                              Bar Roll No. 105154
                              Adrienne.Kerwin@ag.ny.gov

cc (via ECF):  David A. Cortman    dcortman@alliancedefendingfreedom.org

                Erik W. Stanley    estanley@alliancedefendingfreedom.org, shenning@alliancedefendingfreedom.org

                Jeana Hallock    jhallock@adflegal.org

                Jeremiah Galus    jgalus@adflegal.org

                Jonathan A. Scruggs    jscruggs@alliancedefendingfreedom.org, jpeterson@alliancedefendingfreedom.org

                Robert E. Genant    bgenant@genantlaw.com, awoodford@genantlaw.com, dduger@genantlaw.com, ldimon@genantlaw.com