

January 2, 2019

*Via ECF*

Honorable Mae A. D'Agostino
United States District Judge
United States District Court
Northern District of New York
James T. Foley – U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207-2924

   Re: *New Hope Family Services, Inc. v. Poole*
      Northern District of New York
      18-cv-1419 (MAD)(TWD)
      Plaintiff's Response to Defendant's Pre-Motion Letter (Docket No. 26)

Dear Judge D'Agostino:

  I write in response to Ms. Kerwin's letter dated December 28, 2018 (the 12/28/18 Letter), in which she requests leave to file a motion to dismiss in *New Hope Family Services v. Poole*, 18-CV-1419 (MAD)(TWD). Because the arguments she summarizes are not ones that could be resolved in the defendant's favor while assuming all facts alleged in the Complaint to be true, the motion that she describes would not be a good use of the time of the Court or the parties.

  In this letter we provide citations into the Complaint (Docket No. 1) ("Cmpl."), and for the Court's reference a few citations to discussions in Plaintiff's previously filed Memorandum in Support of Motion for Preliminary Injunction (Docket No. 15-1 ("PI Mem.").

  For purposes of its proposed motion to dismiss, the Office of Child and Family Services ("OCFS") apparently concedes that New Hope's adoption services are a religious ministry, and that its policy that is the subject of this dispute implements a sincere and central religious belief. Instead, Ms. Kerwin argues that under the analysis laid out in *Employment Division v. Smith*, 494

U.S. 872 (1990), the regulation challenged in this action, 18 N.Y.C.R.R. §421.3(3) ("the Regulation") is constitutional nonetheless.  However, the Supreme Court has made clear in more recent years that *Smith* is not the exclusive word regarding the right to free exercise, and that even "neutral" laws cannot intrude into the conduct of central and historic religious functions. *Trinity Lutheran Church v. Comer*, 137 S. Ct. 2012, 2021 n.2 (2017); *Hosanna-Tabor Evangelical Lutheran Church v. EEOC*, 565 U.S. 171, 190 (2012).

In addition, New Hope has alleged and provided evidence that the Regulation is not neutral because in practice it impacts only religious providers of adoption services.  (Cmpl. ¶¶ 188, 202-03, 248-52.)  This evidence also supports a reasonable inference that the Regulation was motivated by a *target* of forcing religious providers of adoption services to violate their convictions, or shut down.  (Cmpl. ¶ 248) New Hope is entitled to discovery to pursue evidence of hostility and targeting in the development, promulgation, and enforcement of the Regulation.

New Hope has also alleged that the Regulation does not serve a governmental interest cognizable in this context.  Contrary to Ms. Kerwin's description, no statute of New York "prohibits discrimination by providers of adoption services . . .".  Instead, the law *requires* service providers to "discriminate" in the best interests of the child in many ways.  (Cmpl. ¶¶ 170-81.)  The law was changed in 2010 to *permit* placement with same-sex couples, but as the Governor noted in his signing statement, the law does not *require* it.  (Cmpl. ¶¶ 157-163.)  No statute has authorized or directed OCFS to overrule the judgment of adoption service providers in this regard, so OCFS should not be heard to assert this as an "interest" justifying the promulgation of a regulation that violates free exercise rights.  Further, given the large backlog of children waiting to be adopted in New York State and the large number of agencies willing to

January 2, 2019
Page 3 of 4

place children with same-sex couples (Cmpl. ¶¶ 29-33, 206-07), OCFS does not explain how forcing New Hope to shut down would "further" the ability of any potential adoptive parent to adopt a child, or indeed accomplish anything at all other than publicly "punishing" a disapproved viewpoint based on religious conviction.  (PI Mem. 20-21.)

New Hope has also alleged that the Regulation is not narrowly tailored, because the relevant law permits agencies to exclude prospective parents from adoption for many reasons including religion and ethnicity (criteria that are protected characteristics in many other contexts), and there is no basis to believe that the specific restrictions that the Regulation imposes will actually advance any cognizable interest.  (Cmpl. ¶¶ 170-81, 249; PI Mem. 17-20.) *See Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 543-44 (1993).

Ms. Kerwin argues that the Regulation does not impose an "unconstitutional condition." (12/28/18 Letter at 3.)  However, New Hope has alleged that the license necessary to continue its mission of providing help to orphaned and abandoned children is the most valuable benefit possible to New Hope, and that OCFS is enforcing the Regulation in a manner that puts New Hope to the choice of violating its religious principles and engaging in compelled speech contrary to its beliefs, or being forced to shut down.  (Cmpl. ¶¶ 209, 242-47, 255-56.)  This is an unconstitutional "condition" on both its free exercise and free speech rights. (PI Mem. 13-15.)

The arguments that Ms. Kerwin advances against New Hope's claim that the Regulation violates its free speech and expressive association rights (Count II) do not go to the sufficiency of the Complaint, but rather are fact-specific assertions that cannot support a motion to dismiss. (12/28/18 Letter at 2.)  New Hope has alleged that the Regulation targets religious service providers, supporting New Hope's claim for violation of Due Process rights.  (Count III.)

Ms. Kerwin requests additional time to move or answer. (12/28/18 Letter at 3.) Plaintiff has conferred with counsel, and has consented to an extension of two weeks.

Respectfully,

_____
Erik W. Stanley
Senior Counsel
Arizona State Bar No. 030961
estanley@ADFlegal.org

_____
Roger G. Brooks
Senior Counsel
New York State Bar No. 16317
rbrooks@ADFlegal.org

c:    Adrienne J. Kerwin (Adrienne.Kerwin@ag.ny.gov)
    Robert E. Genant (bgenant@genantlaw.com)
    David A. Cortman (dcortman@ADFlegal.org)
    Jeremiah Galus (jgalus@ADFlegal.org)
    Jeana Hallock (jhallock@ADFlegal.org)
    Jonathan Scruggs (jscruggs@ADFlegal.org)