```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NEW HOPE FAMILY SERVICES, INC.,                 :
                                                :   No.: 5:18-cv-1419 (MAD/TWD)
                Plaintiff,                      :
                                                :   ECF Case
    -against-                                   :
                                                :   **DECLARATION OF CAROL**
SHEILA J. POOLE, in her official capacity       :   **MCCARTHY IN OPPOSITION**
as Acting Commissioner for the Office of        :   **TO DEFENDANTS' MOTION**
Children and Family Services for the State      :   **FOR A PRELIMINARY**
of New York,                                    :   **INJUNCTION**
                                                X
                Defendants.
------------------------------------------------------------------
```

I, Carol McCarthy, declare under the penalties of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an employee of the New York State Office of Children and Family Services ("OCFS"). I am not a party to the above-captioned action. I have first-hand knowledge of the facts set forth herein and I make this declaration in opposition to Defendant's motion for a preliminary injunction.

2. I have been employed by OCFS since November 13, 2003. I am currently the Director of Adoption Services within the Division of Child Welfare and Community Services. I have been in this position since April 21, 2015.

3. In my role as the Director of Adoption Services, I oversee the Bureau of Permanency Services. The Bureau of Permanency Services is responsible for, among other things, reviewing applications and renewals for not-for-profit agencies that operate adoption programs within the State of New York; promulgating and managing compliance with

regulations related to the provision of adoption services and practices; providing information and referral assistance on adoption, foster care, and family preservation to parents and professionals through the New York Parents Connection Help Line; processing the placement of children from other states into New York State and from New York State into other states through the Interstate Compact on the Placement of Children; providing adoption technical support; and enhancing public awareness to increase opportunities for adoption of New York's waiting children.

4. OCFS's Division of Child Welfare and Community Services is charged with the responsibility to oversee and regulate programs and services involving foster care, adoption and adoption assistance, child protective services, preventive services for children and families, services for pregnant adolescents, and protective programs for vulnerable adults.

5. OCFS is authorized by State law to promulgate regulations that establish standards and criteria for adoption practices, including standards for evaluating prospective adoptive parents.

6. A not-for-profit agency located in the State of New York is authorized to operate an adoption program and to provide adoption services when it has received a certificate of incorporation, or a certificate of amendment for New York corporations, approved by OCFS that gives the agency the authority to place children for adoption, and when the agency's adoption program including, but not limited to, its policies and practices, have been approved by OCFS.

7. OCFS has continuing authority to monitor services provided by approved, or authorized, adoption agencies.

8. The subject regulation, 18 NYCRR §421.3(d), is critically important to the State's adoption policies and practices, and was promulgated to meet important legislative objectives. The regulation serves the legislative objectives of promoting the safety and well-being of

families and children by prohibiting discrimination on the basis of race, creed, color, national origin, age, sex, sexual orientation, gender identity or expression, marital status, religion or disability. This regulation promotes fairness and equality for applicants seeking adoption services by prohibiting authorized adoption agency programs from adopting policies or establishing practices that imply that the sexual orientation of gay, lesbian, and bisexual prospective parents, but not of heterosexual prospective parents, is relevant when evaluating their appropriateness as adoptive parents.

9. The State has a strong interest in preventing discrimination in the provision of adoptive services. Prohibiting discrimination serves the best interests of vulnerable children. Critical to meeting this objective are policies that provide a broad and diverse pool of adoptive parents, and prohibit disqualifying any potential adoptive parents due to their sexual orientation, or any other characteristic that is wholly unrelated to parenting ability. Prohibiting such discrimination maximizes the number of prospective adoptive parents who may be assessed to determine the safety and suitability of placing a child in their home to determine whether the individual can appropriately meet the needs of a child including the child's safety, health, permanency, well-being and mental, emotional and physical development.

10. The subject regulation also seeks to prevent the trauma and social harm caused by discrimination against lesbian, gay, bisexual, transgender, queer or questioning (LGBTQ) people. The State has a strong interest in preventing the harms caused by excluding LGBTQ people from services otherwise available to the public based solely on their sexual orientation. These harms can be particularly acute where, as here, the adoption program engaging in this discrimination is sanctioned by the State. Furthermore, including LGBTQ people in the pool of

potential adoptive families provides support and affirmation to LGBTQ youth awaiting an adoptive placement.

11. Additionally, the State has a strong interest in preventing discrimination in the provision of government services. Since OCFS authorizes and regulates adoption programs operating in New York, allowing agencies with religious objections to refuse to serve all residents equally would undermine the State's ability to provide government services on a nondiscriminatory basis and without favoring particular religious beliefs. The State has a significant interest in providing state services and benefits on an equal basis to all residents.

12. The subject regulations apply uniformly and neutrally to all authorized adoption agencies. OCFS requires all authorized adoption agencies to comply with applicable laws, regulations, and policies, including 18 NYCRR §421.3. All adoption agencies are prohibited from engaging in discriminatory practices or harassment against applicants for adoption services based on sexual orientation.

13. OCFS conducts program reviews of all authorized agencies that operate adoption programs, including those who received their corporate authority to operate in perpetuity, to determine if the agency meets OCFS standards. OCFS does not target specific agencies for program reviews.

14. New Hope alleges that the families and children served by its program will be potentially impacted if it is not permitted to continue to operate its adoption program and that, in turn, New Hope will suffer irreparable harm. For those children placed with adoptive families who are in the legal custody of New Hope, OCFS has no plans to interfere with those placements and permanency of the children would remain within the authority of the Family Court to determine. Families already approved by New Hope to adopt would retain their status as an

approved adoptive family and would be eligible to receive adoption services and placements from other adoption agencies. OCFS would provide referral services if requested. OCFS would also provide information and referral assistance to any families seeking approval to become adoptive families or to surrender a child. Moreover, New Hope would be permitted to continue to administer any post adoption contact agreements between birthparent families and adoptive families.

Dated: Rensselaer, New York
January 4, 2019

_Carol McCarthy_
CAROL McCARTHY

Sworn to before me this 4 day of January, 2019.

_Serena Joyce White_
Notary Public

02WH6267563
Expiration Date: 08/20/2020
Albany County