**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NEW HOPE FAMILY SERVICES, INC.,
a New York nonprofit corporation,

Plaintiff,

vs.

SHEILA J. POOLE, in her official capacity as the
Acting Commissioner for the Office of Children and
Family Services for the State of New York,

Defendant.

---

5:18-cv-1419 (MAD/TWD)

**CIVIL CASE MANAGEMENT PLAN**

**IT IS HEREBY ORDERED that**, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a telephonic status and scheduling conference will be held in this case before the Honorable Therese Wiley Dancks, United States Magistrate Judge, on November 16, 2020 at 10:30 a.m. EST. Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following:

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **March 31, 2021**.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **March 31, 2021**.

**3) DISCOVERY:** All discovery requests, notices, or subpoenas in this action shall be served on or before **March 31, 2021**.

**4) MOTIONS:**

Discovery motions shall be made on or before **May 30, 2021**. (**Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).** Dispositive Motions shall be filed on or before **July 9, 2021**.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The parties propose that a date for commencement of trial, if needed, be set at the convenience of the court following decision of any dispositive motions.

**6) HAVE THE PARTIES FILED A JURY DEMAND:   NO**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343, because this action involves claims based on the First and Fourteenth Amendments to the United States Constitution and seeks to prevent state officials from allegedly interfering with Plaintiff's constitutional rights. The Court has personal jurisdiction over the parties. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff challenges the constitutionality of Title 18 N.Y.C.R.R. § 421.3, which provides, *inter alia*, that "Authorized agencies providing adoption services shall . . . prohibit discrimination and harassment against applicants for adoption services on the basis of race, creed, color, national origin, age, sex, sexual orientation, gender identity or expression, marital status, religion, or disability . . . ."

<u>Plaintiff's Position:</u>

Plaintiff alleges that Defendant lacks authority to prohibit Plaintiff from providing adoption services because Defendant has not alleged—and cannot establish—any of the circumstances enumerated in N.Y. SOC. SERV. LAW § 385. Plaintiff also alleges that Section 421.3 violates the constitutional rights of Plaintiff, and other religious employers like them, forcing Plaintiff to close unless it violates its sincerely held religious beliefs. Section 421.3 infringes Plaintiff's right to free speech and expressive association by censoring and compelling speech to birthmothers, adoptive couples, and the State. Section 421.3 infringes Plaintiff's right to the free exercise of its religion by requiring Plaintiff to renounce its sincerely held religious beliefs to receive a public benefit for which it is otherwise qualified, by establishing a system of individualized assessments, and by evincing animus against religious beliefs in its promulgation and enforcement. Plaintiff seeks declaratory and injunctive relief.

<u>Defendant's Position:</u>

Defendant alleges that the adoption services provided by Plaintiff are subject to the approval and supervision of OCFS and that Plaintiff must comply with all state laws, including OCFS regulations and policies, to continue to provide such services. The Court granted Defendant's motion to dismiss in its entirety, and the Second Circuit reinstated only Plaintiff's free exercise and free speech/expressive-association claims. Defendant contends that Section 421.3 is neutral and generally applicable and does not target religion.  Defendant also contends that the State may use its judgment to limit factors that may, or may not, exclude adoption applicants from consideration, and compliance

with such factors cannot be deemed "speech" by an agency.  Instead, an agency is simply required to follow the law as the State enacted it. Finally, the freedom of association is not implicated by Section 421.3.  Nevertheless, Section 421.3 satisfies both rational basis and strict scrutiny review.

## 9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

On October 5, 2020, Judge D'Agostino granted Plaintiff's Motion for Preliminary Injunction, finding that Plaintiff is likely to succeed on the merits of its free exercise and free speech claims. The parties continue to dispute whether Section 421.3 violates the Plaintiff's constitutional rights, and therefore whether Plaintiff is entitled to the relief it seeks.

## 10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

The scope of this litigation has already been circumscribed by previous motion practice and the Court's order as to those motions. Given the fixed positions of the parties as to the constitutional issues implicated by Section 421.3, they do not believe that any issues can or will be further narrowed by agreement. The parties presently consider it reasonably likely that at least some issues in this litigation will be amenable to decision on summary judgment, but do not yet know whether issues may turn on evaluations of the credibility of witnesses, necessitating a trial.

## 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff seeks permanent injunctive relief, preventing Defendant and any person acting in concert with her from enforcing Section 421.3 against them. Plaintiff also seeks a declaration that Section 421.3 is unconstitutional under the United States Constitution and the unconstitutional conditions doctrine, in its entirety, on its face, and as applied to Plaintiff, on its free exercise and free speech claims. Plaintiff also seeks the costs of the litigation, including reasonable attorneys' fees and expenses under 42 U.S.C. § 1988.

Defendant seeks judgment in its favor, and costs of this litigation.

## 12) DISCOVERY PLAN:

### A. Mandatory Disclosures

**The parties will exchange the mandatory disclosures required under Rule 26(a)(1) on November 9, 2020, pursuant to the court's order of October 5, 2020, unless they have obtained prior approval from the Magistrate Judge to extend that deadline.**

**B.**     <u>**Subjects of Disclosure**</u>

The parties believe that discovery in this case will primarily require depositions of a limited number of fact witnesses, in addition to one or more 30(b)(6) witness as further detailed below, along with routine document production and other written discovery requests.

Plaintiff believes necessary discovery will encompass information relevant to the parties' claims and defenses, including but not necessarily limited to the following:

1)      Defendant's purported reasons for adopting Section 421.3;

2)      The proposed and/or actual application, operation, and enforcement of Section 421.3 by Defendant to date, including the identity of each person or entity against which Defendant proposed or acted to enforce Section 421.3;

3)      Defendant's communications with non-parties related to the drafting, adoption, application, operation, or enforcement of Section 421.3;

4)      Documents and communications concerning Defendant's knowledge or evaluation of, or opinions concerning, religious and conscientious objections to placement of children for adoption or fostering with unmarried or same-sex couples, or to any terms or requirements of Section 421.3;

5)      The identities of individuals allegedly acting in concert with Defendant to draft Section 421.3; and

6)      Documents and information used or consulted in drafting Section 421.3, including drafts.

Defendant believes necessary discovery will encompass information relevant to the parties' claims and defenses, including but not necessarily limited to the following:

1)      Identities of individuals refused adoption services, or referred to other agencies, by Plaintiff; and

2)      Policies and procedures of Plaintiff.

**C.**     <u>**Discovery Sequence**</u>

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties do not believe that fact discovery needs to be phased to address different issues and should commence promptly upon this Court's promulgation of the scheduling order. The parties propose that discovery, and any relevant deadlines, be governed by the Federal Rules of Civil Procedure and Local Rules.

### D.      Written Discovery

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The parties anticipate serving initial written discovery requests, focused on the issues listed above, on or around November 30, 2020, and will follow up with any further written discovery as may be appropriate. Based on the results of party discovery, Plaintiff also anticipates that it may be necessary to issue subpoenas to third parties for the production of documents, depending on what arises from the discovery requests it propounds to Defendant. The parties do not seek leave to exceed the number of interrogatories permitted under Rule 33 but reserve the right to seek leave from the Court to serve additional interrogatories as discovery proceeds.

### E.      Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Plaintiff anticipates taking depositions of parties and perhaps third parties, including one or more 30(b)(6) witnesses authorized to speak on behalf Defendant regarding the identity and responsibilities of relevant OCFS personnel, the organization and location of paper and electronic records, and the drafting, adoption and enforcement of Section 421.3. Plaintiff anticipates at this time that the number of depositions they will need to take will not exceed five individuals in addition to 30(b)(6) witnesses. Plaintiff intends to take such depositions virtually or in-person within the Northern District of New York or as may be agreed between the parties, and such depositions will be completed by the close of discovery.

Defendant anticipates taking virtual depositions of three or fewer representatives of the Plaintiff with knowledge relevant to the issues listed in subsection 12(B) above, and all depositions will take place in the Northern District of New York.

### F.      Experts

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least**

**thirty days, before the close of discovery).**

The parties do not yet know whether experts will be utilized in this matter. In the event that expert discovery is necessary, the parties will propose a revised discovery schedule once such a need becomes apparent.

### G.   Electronic Discovery

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order**.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

The parties will produce **electronically stored information** in the form of searchable .pdf files, with each page bearing a unique Bates number and preserving all metadata. If either party requires a native version of a document that has been produced as a searchable .pdf file, the parties will cooperate to request and produce the native version, even if a request for a native version occurs after the close of discovery. Spreadsheets (e.g., Excel documents) and media files will be produced in native format. The parties will confer and work together to determine reasonable protocol for searching for, identifying, and producing responsive text messages and social media materials, if any. The parties do not anticipate any issues involving electronically discoverable material; should one arise, the parties will work together to resolve it before seeking the intervention of the Court.

With respect to **hard copy documents**, the parties agree that such documents will be produced in a searchable .pdf format, with each page bearing a unique Bates number. The parties will maintain retention practices for electronic and hard-copy information for the duration of the case.

With respect to **privilege and work product protection**, the parties agree to the following procedures for asserting claims of privilege after production: In accordance with Federal Rule of Civil Procedure 26(b)(5), the parties agree that a party claiming that an otherwise responsive document is protected by privilege or work product immunity, that party will provide a privilege log, at the time such production is due, that separately lists each document as to which such privilege or immunity is claimed, and identifies each document pursuant to Fed. R. Civ. Pro. 26(b)(5) including by providing at least the date, author(s), recipients, and custodian of the document, and sufficient information about the subject of the document to enable the other party to assess the claim.

Consistent with Federal Rule of Evidence 502, if a party through inadvertence produces discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party requesting that the document or thing be returned to the producing party or destroyed. The receiving party shall return or destroy such document or thing, which shall not constitute an admission or concession that the document or thing is properly subject to a claim of attorney-client privilege or attorney work product, unless within 10 days of receiving the notice, it files a motion for an in-camera review by the Court to determine whether the designation is proper. This agreement does not foreclose a party from later moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an order that such document or thing has been improperly designated or should be produced.

## H.     Protective Orders

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

To the extent that a party deems a protective order necessary in connection with a particular discovery response, the parties will work in good faith to negotiate one, and then seek court intervention as needed. At the present time, the parties only anticipate that a protective order may be necessary to protect the privacy of adopted children, birthparents, and individuals who sought, or obtained, adoption services through Plaintiff, or are identified in OCFS records. If a protective order is necessary, the parties will work to reach agreement on any such order.

## I.     Anticipated Issues Requiring Court Intervention

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

Plaintiff contends that the topics listed in Section 12(b) of this Civil Case Management Plan as anticipated discovery issues are relevant to the claims in this matter, and proportional to the needs of this case as well. Plaintiff further contends that such information is readily accessible to Defendant and is important in resolving the claims on summary judgment.

## 13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?

At this time, the parties do not believe that bifurcation is appropriate. The parties believe that it may be possible to establish facts and narrow the issues in dispute by stipulation after discovery and closer to trial.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

      The parties are not aware of any related cases pending before the judges of this Court.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

      Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

      1      2      3      4      5      6      7      8      9      10

      **(VERY UNLIKELY)**                      **(LIKELY)**

      **HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**  The parties are unable to assess the prospects for settlement at this time.  If it is determined, after the completion of significant discovery, that settlement be explored, the parties will so alert the Court, and request the Court's assistance, if necessary.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE -** *Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

      A.    Reviewed General Order #47?
               **YES**   NO

      B.    Reviewed the List of Court Approved Mediators available on the NYND website?
               **YES**   NO

      C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program.

**YES**   NO

D.    Discussed the time frame needed to complete Mandatory Mediation?
**YES**   NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on November 2, 2020, via teleconference, with the participation of: Mark A. Lippelmann, of Alliance Defending Freedom, for Plaintiff, and Adrienne Kerwin, with the Attorney General of the State of New York, for Defendant.

s/ *Mark A. Lippelmann*                           s/ *Adrienne J. Kerwin*
Mark A. Lippelmann, Esq.*                         Adrienne J. Kerwin, Esq.
Alliance Defending Freedom                        Assistant Attorney General
Attorneys for Plaintiff                           Attorney for Defendant
15100 N 90th St                                   The Capitol
Scottsdale, AZ 85260                              Albany, NY 12224
Telephone: (480) 444-0020                         Telephone: (518) 776-2608

* *Pro hac vice application pending*

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).