UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW HOPE FAMILY SERVICES, INC., Plaintiff, -against- SHEILA J. POOLE, Defendant. | **SETTLEMENT AGREEMENT** 18-CV-1419 MAD/TWD |

This SETTLEMENT AGREEMENT ("Settlement Agreement") is made by and between Plaintiff New Hope Family Services, Inc. ("Plaintiff" or "New Hope") and Defendant Suzanne Miles-Gustave[1] in her official capacity as Acting Commissioner of the New York State Office of Children and Family Services ("Defendant"), jointly, "the Parties," as follows:

**WHEREAS**, on December 6, 2018, Plaintiff commenced the above-captioned action ("Action"), asserting First Amendment challenges to 18 N.Y.C.R.R. § 421.3(d), a regulation of the New York State Office of Children and Family Services ("OCFS") prohibiting discrimination in adoption services on the basis of, *inter alia*, sexual orientation and marital status, Complaint, ECF No. 1; and

**WHEREAS**, on September 6, 2022, the Court granted Plaintiff's Motion for Summary Judgment and enjoined Defendant "from enforcing 18 N.Y.C.R.R. § 421.3(d) insofar as it would compel New Hope to process applications from, or place children for adoption with, same-sex couples or unmarried cohabitating couples, and insofar as it would prevent New Hope from referring such couples to other agencies," Memorandum-Decision and Order, ECF No. 80;

[1] Commissioner Suzanne Miles-Gustave replaces former New York State Office of Children and Family Services Commissioner Sheila Poole as the Defendant in this Action pursuant to Fed. R. Civ. P. 25(d).

**WHEREAS**, on September 7, 2022, Judgment was entered in favor of Plaintiff, Judgment, ECF No. 81;

**IT IS NOW STIPULATED, AGREED, AND ORDERED AS FOLLOWS**:

1. The Parties waive their entitlement to costs pursuant to any court order, statute or rule, including but not limited to, Fed. R. Civ. P. 54.

2. The State of New York, on behalf of Defendant, agrees to pay attorneys' fees to Plaintiff in the amount of $250,000 in full satisfaction of any all fees and expenses incurred for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Payment shall be made payable to Alliance Defending Freedom, as attorneys for Plaintiff, and mailed to Alliance Defending Freedom, Attn: Mark Lippelmann, Esq., 15100 N 90th St., Scottsdale, AZ 85260.

3. Payment of the amount specified in paragraph "2" of this Settlement Agreement is conditioned upon, and subject to, the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. If such approval is not obtained, this agreement will be vacated, and the case restored to the Court's docket for purposes of determining the amount of attorneys' fees and costs to be awarded to Plaintiff. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating payment.

4. In the event that the payment referenced in paragraph "2" of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documents required under paragraph "3" of this Settlement

Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of the Office of the Attorney General of all documentation required under paragraph "3" of this Settlement Agreement.

5. Any taxes, or interest or penalties on taxes, on the payments referenced in paragraph "2" of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, and its attorneys, for fees paid to said attorneys. Plaintiff and its attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Suzanne Miles-Gustave and/or the State of New York, or any of their present of former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties.

6. Plaintiff and Plaintiff's attorneys agree that neither Suzanne Miles-Gustave nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in paragraph "2" of this Settlement Agreement by operation of law or otherwise. Plaintiff and Plaintiff's attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Suzanne Miles-Gustave and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) for the satisfaction of any such liens.

7. For and in consideration of the agreement set forth in this Settlement Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of

itself, administrators, successors, and assigns (collectively, "Releasing Parties"), hereby releases and forever discharges Suzanne Miles-Gustave in her official capacity as Acting Commissioner of the New York State Office of Children and Family Services, together with her present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties incurred in connection with the Action up to and including the date of this Settlement Agreement related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any nonwaivable statutory protections or any constitutional rights.

8. Other than the Action and the case of *New Hope Family Services, Inc. v. James*, 21-CV-1031 (MAD/TWD) (N.D.N.Y.), Plaintiff represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties that would be subject to the release contained in paragraph "6", on its own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

9. Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

10. Plaintiff represents that it has thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiff represents that it has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that it executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that it understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

11. The Parties acknowledge that each party cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

12. The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13. Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

14. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of continued litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of

wrongdoing or liability on the part of Defendant, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of the New York State Office of Children and Family Services or the State of New York.

15. This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendant, the New York State Office of Children and Family Services, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

16. This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Action and this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

17. The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement.

18. This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

19. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF**, the Parties acknowledge that they have read this Settlement Agreement and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date first above written.

Dated: Scottsdale, Arizona
March 1, 2023

ALLIANCE DEFENDING FREEDOM
Attorneys for Plaintiff

By: ____________________

Mark Lippelmann
15100 N 90th St.
Scottsdale, AZ 85260
(480) 444-0020
mlippelmann@adflegal.org

Dated: Albany, New York
February 28, 2023

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant

By: Adrienne J. Kerwin

Adrienne J. Kerwin
Assistant Attorney General
The Capitol
Albany, NY 12224
(518) 776-2608
Adrienne.Kerwin@ag.ny.gov

SO ORDERED:

______________________________
Mae A. D'Agostino
United States District Judge

Dated: March 3, 2023